# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SOLANO; SANDRA MORENO SOLANO,<br><br>    Plaintiffs,<br>  vs.<br>MIDCOUNTRY BANK; COBS HOMES, LLC; RELIABLE TRUST DEED SERVICES, INC.; HR RE HOLDINGS, LLC; EDGAR SILVA; HECTOR SILVA; ALL PERSONS UNKNOWN claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiffs' title thereto; DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO. 10cv1297 WQH (POR)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are Defendant MidCountry Bank's Motion to Dismiss (Doc. # 4) and Plaintiffs' Motion to Remand to State Court (Doc. # 4).

## BACKGROUND

On May 1, 2010, Plaintiffs initiated this action by filing their Complaint in the Superior Court of the State of California for the County of San Diego. *See* Doc. # 1 at 14. On June 17, 2010, Defendant MidCountry Bank ("MidCountry") filed its Notice of Removal removing the case to this Court. *Id.* at 1. The Complaint alleges only state law claims, however, MidCountry stated in its Notice of Removal that those claims are preempted by the Truth in

1  Lending Act ("TILA") 16 U.S.C. § 1601, et seq. The Notice of Removal cites to Paragraphs
2  24, 28, 46, 54 and 90 of the Complaint as the basis for this Court's jurisdiction.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff Sandra Moreno Solano's mother transferred titled to a property known as Lot 24 in Block A of Wadsworth Olive Grove in San Diego, California, to Sandra Moreno Solano on February 4, 2002. (Doc. # 1 at ¶ 14). Plaintiffs intended to build their own home on this property. *Id.* at ¶ 15. Plaintiffs contracted with COBS Homes to assist Plaintiffs with planning and managing construction of their home. *Id.* Through COBS, Plaintiffs obtained a construction loan with the First Federal Bank of Minnesota in the amount of $333,700. *Id.* at ¶ 16. The loan matured on July 9, 2005. *Id.* First Federal Bank of Minnesota assigned the loan to MidCountry. *Id.* As construction progressed, under the terms of the loan, Plaintiffs were to submit "draw requests" to MidCountry for release of loan proceeds. *Id.* at ¶ 17.

In support of their first cause of action for breach of contract, Plaintiffs allege they obtained extensions on the loan. *Id.* at ¶ 19. In consideration for the extensions, MidCountry charged Plaintiffs $8,180.00. *Id.* COBS abandoned Plaintiffs, leaving them to complete construction without their services. *Id.* In October 2007, Plaintiffs made the first draw request. *Id.* MidCountry refused to pay the disbursement. *Id.* Four months later, MidCountry informed Plaintiffs that the money was instead applied to "expenses or fees or charges of some sort that had been allowed to accrue by MidCountry." *Id.* Because MidCountry refused to disburse the funds, Plaintiffs were unable to continue construction, which placed them in default on the loan. *Id.* MidCountry foreclosed on the property. *Id.*

In support of their second cause of action for breach of the covenant of good faith and fair dealing, Plaintiffs allege MidCountry "allowed unspecified fees and charges to accrue without advising Plaintiffs." *Id.* at ¶ 24. MidCountry "unilaterally and secretly" applied the funds from the draw request to these fees and charges instead of paying the money out to Plaintiffs. *Id.* MidCountry's actions prevented Plaintiffs from completing construction on their home when it was substantially complete, causing Plaintiffs to default under the terms of the loan. *Id.*

In support of their third cause of action for unfair business practices, Plaintiffs allege

1  MidCountry "unfairly and wrongfully" withheld the money Plaintiffs requested without
2  informing Plaintiffs, resulting in default and foreclosure. *Id.* at ¶ 28. These acts were "unfair,
3  deceptive, and designed to deprive Plaintiffs of valuable property rights, of labor, and of the
4  benefit of the bargain" they entered with MidCountry. *Id.* at ¶ 29.

5  Plaintiffs' fourth and fifth causes of action are also for unfair business practices. *See*
6  *id.* at ¶¶ 35-41. MidCountry does not rely on these claims as a basis for jurisdiction.

7  In support of their fifth cause of action for fraud, Plaintiffs allege MidCountry entered
8  the loan with the intent to fail to provide the funds. *Id.* at ¶¶ 43-44. MidCountry withheld
9  disbursements in order to cause default. *Id.* MidCountry did not inform Plaintiffs that fees and
10 charges were accumulating on the loan and did not inform Plaintiffs that their draw request
11 would be used to pay these fees and charges instead of being paid out to fund construction.
12 *Id.* at ¶ 46. As a result, Plaintiffs were unable to continue construction and lost the property
13 to foreclosure. *Id.*

14 In support of their sixth cause of action for negligence, Plaintiffs allege MidCountry had
15 a duty to disburse funds promptly upon receipt of a valid draw request until the loan balance
16 was depleted. *Id.* at 54. MidCountry had a duty to keep Plaintiffs reasonably informed of the
17 status of their loan including how much had been disbursed. *Id.*

18 Plaintiffs' seventh through twelfth causes of action are state law causes of action against
19 other Defendants. *Id.* at ¶¶ 58-87.

20 In support of Plaintiffs' thirteenth cause of action for accounting, Plaintiffs allege that
21 they are entitled to an accounting of all money distributed by MidCountry and all fees charged
22 by MidCountry. *Id.* at ¶ 90. Plaintiffs allege that MidCountry charged interest on all of the
23 funds even before the money was disbursed in violation of the contract. *Id.* Plaintiffs allege
24 this charge was excessive, unwarranted, and illegal. *Id.*

25 **ANALYSIS**
26 **I.  Motion to Remand**

27 Plaintiffs contend that the Complaint does not allege any federal causes of action. (Doc.
28 # 4-1 at 1). Plaintiffs contend that this Court lacks jurisdiction over the action because it is not
"founded on a claim or right arising under the Constitution, treaties or laws of the United

1  States." *Id.* at 3. Plaintiffs contend that removal is strictly construed and doubts as to
2  removability are resolved in favor of remand. *Id.* at 4. Plaintiffs contend that the causes of
3  action plead in the Complaint are breach of contract, breach of the covenant of good faith and
4  fair dealing, unfair business practices pursuant to California law, fraud, and negligence. *Id.*
5  Plaintiff contends these claims do not rely on or raise any issues of federal law. *Id.* Plaintiffs
6  contend that MidCountry's jurisdictional allegations are speculative because MidCountry
7  stated "Plaintiffs appear to allege that Defendants did not properly make the disclosures
8  required pursuant to" TILA. *Id.* at 5. Plaintiffs contend that remand is therefore required. *Id.*
9  at 4. Plaintiffs contend that they are entitled to attorney's fees which they incurred as a result
10 of removal because there is no objectively reasonable basis for removing the case. *Id.* at 5.

11        MidCountry contends Plaintiffs are forum shopping and have "strip[ped] away any
12 reference to federal loan disclosure statutes while alleging various disclosure violations under
13 the omitted federal laws." (Doc. # 6 at 3). MidCountry contends there is a substantial question
14 of federal law because federal law violations are necessary elements of Plaintiff's state law
15 claims. *Id.* at 4-5. MidCountry contends TILA and the associated Regulation Z specifically
16 cover this loan and govern the disclosures given at the initiation of this loan. *Id.* at 6.
17 MidCountry contends Plaintiffs' claims are related to alleged failures to disclose fees and
18 charges associated with the loan. *Id.* MidCountry contends Plaintiffs are not entitled to
19 attorney's fees because an objectively reasonable basis for removal exists. *Id.* at 7-8.

20        Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in
21 a State court of which the district courts . . . have original jurisdiction" to district court. Unlike
22 state courts, federal courts are courts of limited jurisdiction. See U.S. Const. art. III, § 2.
23 Federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v.*
24 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, the removal statute
25 provides: "If at any time before final judgment it appears that the district court lacks subject
26 matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the party seeking
27 to invoke the jurisdiction of this court, MidCountry bears the burden of establishing the "actual
28 existence of subject matter jurisdiction." *See Thompson v. McComb*, 99 F.3d 352, 353 (9th Cir.
   1996). The removal statute is to be strictly construed and doubts should be resolved in favor

- 4 -                                                                10cv1297 WQH (POR)

1  of remanding the action to state court. *Matheson v. Progressive Specialty Ins. Co.*, 582 F.3d
2  1083, 1087 (9th Cir. 2003).

3      "The presence or absence of federal question jurisdiction is governed by the
4  'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a
5  federal question is presented on the face of the plaintiff's properly pleaded complaint."
6  *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). In applying this rule, the
7  Court considers "what necessarily appears in the plaintiff's statement of his or her own claim
8  in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses
9  which it is thought the defendant may interpose." *Id.*

10     Where the face of the complaint does not allege a federal cause of action, removal might
11 still be proper under the "artful pleading" doctrine. *See Lippit v. Raymond James Fin. Servs.*,
12 340 F.3d 1033, 1041 (9th Cir. 2003). "The artful pleading doctrine is a corollary to the
13 well-pleaded complaint rule, and provides that although the plaintiff is master of his own
14 pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of
15 federal law that are essential to the establishment of his claim." *Hansen v. Blue Cross of Cal.*,
16 891 F.2d 1384, 1389 (9th Cir. 1989) (citation omitted). A state law claim presents a substantial
17 federal question if the claim if it "necessarily raise[s] a stated federal issue, actually disputed
18 and substantial, which a federal forum may entertain without disturbing any congressionally
19 approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods.*
20 *Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). However, even "[t]he invocation of
21 [a federal law] as a basis for establishing an element of a state law cause of action does not
22 confer federal question jurisdiction" where there is a state law basis for the same element. *See*
23 *Rains v. Criterion Sys.*, 80 F.3d 339, 345 (9th Cir. 1996).

24     In support of jurisdictional allegations in its notice of removal, MidCountry cites to
25 Plaintiffs' allegations that:

26 (1)   MidCountry breached the covenant of good faith and fair dealing by allowed
27       unspecified fees and charges to accrue without advising Plaintiffs, "unilaterally and
28       secretly" applied the funds from the draw request to these fees and charges instead of
      paying the money out to Plaintiffs, resulting in Plaintiffs default on the loan;

(2) MidCountry violated California Civil Code § 17200 by engaging in unfair business practices, including unfairly and wrongfully withholding the money Plaintiffs requested without informing Plaintiffs, resulting in default and foreclosure;

(3) MidCountry committed fraud by failing to inform Plaintiffs that fees and charges were accumulating on the loan and that their draw request would be used to pay these fees and charges instead of being paid out to fund construction;

(4) MidCountry breached its contractual duty to disburse funds promptly and to keep Plaintiffs' informed about the status of the loan;

(5) Plaintiffs are entitled to an accounting.

(Doc. # 1 at 2, citing Compl., Doc. # 1, at ¶¶ 24, 28, 46, 54 and 90). Each of these claims is a stand-alone state law cause of action which does not rely on violation of federal law as an element of the claim. These claims do not "necessarily raise" a federal question. *See Grable & Sons*, 545 U.S. at 345.[1] MidCountry has failed to establish that Plaintiff's claims involve a substantial federal question.

Although MidCountry initially referenced preemption in their Notice of Removal, MidCountry did not assert that TILA preempts Plaintiffs' claims in its opposition to Plaintiffs' Motion to Remand. The burden of establishing federal subject matter jurisdiction is on MidCountry. *Thompson v. McComb*, 99 F.3d at 353. The Court finds that MidCountry has failed to establish that Plaintiff's claims are preempted by federal law.

Plaintiffs' Motion to Remand is granted. Although the Court finds that MidCountry failed to meet its burden of establishing subject matter jurisdiction, the Court will not award attorney's fees to Plaintiffs because MidCountry had a objectively reasonable basis for seeking removal.

**II. Motion to Dismiss**

MidCountry moved to dismiss Plaintiffs' claims for unfair business practices, fraud, and accounting. (Doc. # 4). Because this Court has concluded that this case should be remanded to state court for lack of jurisdiction, MidCountry's motion is denied as moot.

---

[1] Indeed, the Court notes that MidCountry's Motion to Dismiss does not cite to TILA at all, nor does it reference any other federal statute.

**CONCLUSION**

IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1447(c), this action shall be **REMANDED** for lack of subject-matter jurisdiction to the Superior Court of the State of California, County of San Diego, Central Division, where it was originally filed and assigned Case No. 07-2010-00091648-CU-BC-CTL.

DATED:  August 25, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge